*E-FILED: August 7, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>　　　　Plaintiff,<br>　v.<br>CONSUELO LOMBERA, MARIA LOMBERA, DOES 1-10, inclusive,<br><br>　　　　Defendants.<br>_____/ | No. C12-03496 HRL<br><br>**ORDER REFERRING CASE TO JUDGE KOH FOR A RELATED CASE DETERMINATION**<br><br>**REPORT AND RECOMMENDATION RE MOTION FOR REMAND AND FOR SANCTIONS** |

　　　　On July 5, 2012, Consuelo and Maria Lombera removed this unlawful detainer case from the Santa Clara County Superior Court, and they each filed an Application for Leave to Proceed In Forma Pauperis (IFP Application).

　　　　This is the Lomberas' third attempt to remove this same unlawful detainer action here.

　　　　Maria Lombera previously filed a notice of removal, asserting federal question jurisdiction under 28 U.S.C. § 1331. See C11-06390LHK, *Wells Fargo Bank, N.A. v. Lombera*, Dkt. No. 1. The court remanded the matter to the state court, finding that the complaint disclosed no federal question. Id., Dkt. No. 13.

　　　　Several weeks later, Maria Lombera removed the unlawful detainer action a second time, asserting diversity jurisdiction under 28 U.S.C. § 1332. The court once again remanded the matter to state court for lack of subject matter jurisdiction. See C12-01710LHK, *Wells Fargo Bank, N.A. v. Lombera*, Dkt. Nos. 7 and 8. Although plaintiff's motion for attorney's

fees was denied, the court's remand order stated, "Defendants are on notice that any future attempts to remove this unlawful detainer action again to federal court may result in sanctions." Id., Dkt. No. 8 at 2.

Once again—and, despite prior court orders finding that there is no basis whatsoever for federal subject matter jurisdiction—the Lomberas have removed this same unlawful detainer action here, this time asserting both federal question and diversity jurisdiction. Plaintiff Wells Fargo Bank moves to remand. It also requests an award of at least $7,500 in attorney's fees and costs as a sanction. Plaintiffs have not filed any opposition, and the time for filing a response to the instant motion has passed. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Plaintiff's motion for an order shortening time is denied, and the noticed August 21, 2012 hearing is vacated.

The instant action is hereby referred to Judge Koh for a determination as to whether it is related to C11-06390LHK, *Wells Fargo Bank, N.A. v. Lombera* and C12-01710LHK *Wells Fargo Bank, N.A. v. Lombera*, within the meaning of Civil Local Rule 3-12. Additionally, for the reasons stated below, the undersigned recommends that defendants' IFP Applications be denied, plaintiff's motion for remand be granted, and that plaintiff's motion for fees and costs be granted in part. In addition to, or in lieu of monetary sanctions, the undersigned suggests that the district court may wish to issue an order informing the Lomberas that if they ever attempt to remove this action again in the future, the court will entertain a motion by plaintiff, upon proper notice to defendants, for an order declaring them to be vexatious litigants.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). A case must be remanded to the

1 state court if it appears at any time before final judgment that the court lacks subject matter

2 jurisdiction. 28 U.S.C. § 1447(c).[1]

3   As the Lomberas have repeatedly been told:

4   There is no federal question jurisdiction here because the complaint contains no claim

5 arising under federal law. See Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009) (A

6 claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff

7 alleges a federal claim for relief). Allegations in a removal notice or in a response to the

8 complaint cannot provide this court with federal question jurisdiction.

9   Nor does the court have diversity jurisdiction. The complaint indicates that the amount

10 demanded does not exceed $10,000. And, as California residents, the Lomberas cannot remove

11 the case on the basis of diversity in any event. See 28 U.S.C. § 1441(b)(2) (stating that an

12 action may not be removed on the basis of diversity "if any of the parties in interest properly

13 joined and served as defendants is a citizen of the State in which such action is brought."); see

14 also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the

15 presence of a local defendant at the time removal is sought bars removal.").

16   "An order remanding the case may require payment of just costs and any actual

17 expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

18 "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where

19 the removing party lacked an objectively reasonable basis for seeking removal. Conversely,

20 when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital

21 Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L.Ed.2d 547 (2005). "In applying this rule,

22 district courts retain discretion to consider whether unusual circumstances warrant a departure

23 from the rule in a given case." Id. As explained by the Ninth Circuit, "removal is not

24 objectively unreasonable solely because the removing party's arguments lack merit, or else

---

[1] Additionally, the court is obliged to examine any application for leave to proceed in forma pauperis and determine whether the action has merit. A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

United States District Court
For the Northern District of California

attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). Instead, the objective reasonableness of removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. Id. at 1066-67.

Here, it is plain that there is no basis for removal because this action involves only a state law claim for relief, and there is no basis for federal question or diversity jurisdiction. In view of defendants' pro se status, the court previously exercised its discretion and declined to impose sanctions. See, e.g., Wells Fargo Bank, N.A. v. Hunt, No. C10-04965JCS, 2011 WL 445801 at *5 (N.D. Cal., Feb. 3, 2011) ("In determining whether to award attorneys' fees in cases involving improper removal by a pro se defendant, courts accord significant weight to the defendant's lack of representation.") (citing cases).

Nevertheless, defendants' litigation history establishes a troubling record of repeated removals of the same unlawful detainer action, in apparent disregard of the court's prior remand orders. The court is well within its discretion to award attorney's fees as a sanction. See, e.g., U.S. Bank Nat'l Ass'n v. Mikels, No. C12-00047, 2012 WL 506565 (N.D. Cal., Feb. 15, 2012) (Hamilton, J.) (awarding fees against a pro se defendant where the court had already remanded the case once, and then defendant removed the case a second time just before the state court was to hear summary judgment motions).

Even so, plaintiff's claim for over $7,500 in fees and costs is excessive. To begin, that sum apparently includes fees incurred for "well over 20 hours" (at $300 per hour) preparing all three remand motions. (Harris Decl. ¶¶ 12-13). But, as noted above, plaintiff's prior request for fees was denied. Additionally, plaintiff's counsel says that he spent "well over 5 hours" researching and drafting the instant motion to remand and supporting papers. (Id. ¶ 12). All three remand motions, however, are virtually identical; and, the instant motion appears to be a largely recycled version of the first two. (See Dkt. No. 6; C11-06390LHK, Dkt. No. 10; C12-01710LHK, Dkt. No. 4). Nor is it clear precisely what costs plaintiff seeks to recover. This court finds that any award of fees should total no more than $900.

Defendants' IFP applications, however, indicate that they are impecunious. (Dkt. Nos. 2-3). If the district court determines that monetary sanctions therefore are inappropriate, the undersigned suggests that the court may wish to issue an order informing the Lomberas that if they ever attempt to remove this action again in the future, the court will entertain a motion by plaintiff, upon proper notice to defendants, for an order declaring them to be vexatious litigants.

Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

SO ORDERED.

Dated: August 7, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:12-cv-01710-HRL Notice has been electronically mailed to:

2  Scott Michael Harris    scottharrislaw@sbcglobal.net

3

4  5:12-cv-01710-HRL Notice sent by U.S. Mail to:

5  Maria Lombera
   5282 Pebbletree Way
6  San Jose, CA 95111

7  Consuelo Lombera
   5282 Pebbletree Way
8  San Jose, CA 95111

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California