UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) | Case No.: 12-CV-03496-LHK |
| ) | |
| Plaintiff, ) | ORDER ADOPTING MAGISTRATE |
| v. ) | JUDGE'S REPORT AND |
| ) | RECOMMENDATION, REMANDING |
| CONSUELO LOMBERA; MARIA LOMBERA; ) | CASE, AND AWARDING SANCTIONS |
| DOES 1-10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Court has reviewed Magistrate Judge Howard R. Lloyd's Report and Recommendation ("Report") regarding the Plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff") Motion to Remand and Motion for Sanctions, which Consuelo Lombera and Maria Lombera ("Defendants") did not oppose. The time for objections has passed, and the Defendants have filed none. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Defendants removed this unlawful detainer action from state to federal court on two previous occasions, and this Court remanded both actions to state court. *See Wells Fargo Bank, N.A. v. Lombera*, 11-CV-06390-LHK ("*Lombera*, 11-CV-06390"), ECF No. 13 (February 16, 2012 Order remanding action to state court); *Wells Fargo Bank, N.A. v. Lombera*, 12-CV-01710-LHK ("*Lombera*, 12-CV-01710"), ECF No. 8 (May 30, 2012 Order remanding action to state court). In its May 30, 2012 Order, this Court warned Defendants that "any future attempts to remove this

1

Case No.: 12-CV-03496-LHK
ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, REMANDING, AND AWARDING SANCTIONS

unlawful detainer action again to federal court may result in sanctions." *Lombera*, 12-CV-01710, ECF No. 8. Accordingly, on September 14, 2012, this Court related the instant case to *Lombera*, 11-CV-06390, and *Lombera*, 12-CV-01710, pursuant to Civil Local Rule 3-12(a). *See* ECF No. 8.

With respect to the Report's discussion of Plaintiff's Motion to Remand to the Santa Clara County Superior Court, this Court finds the Report correct, well-reasoned, and thorough, and accordingly ADOPTS the portion of the Report granting Plaintiff's Motion to Remand. *See* ECF Nos. 5 and 7. *See also Lombera*, 11-CV-06390, ECF No. 13; *Lombera*, 12-CV-01710, ECF No. 8.

With respect to Plaintiff's Motion for Sanctions pursuant to 28 U.S.C. § 1447(c), this Court agrees with Judge Lloyd that some sanction is appropriate. The Report suggests two options. The first option is an "award of fees of no more than $900." Report at 4. The second option, "[i]n addition to, or in lieu of monetary sanctions," is an Order "informing the Lomberas that if they ever attempt to remove this action again in the future, the court will entertain a motion by plaintiff, upon proper notice to defendants, for an order declaring them to be vexatious litigants." Report at 2 and 5.

This Court agrees with Judge Lloyd that an award of fees is appropriate in this case. *See* Report at 4. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The objective reasonableness of removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008).

This Court agrees with Judge Lloyd's finding that "it is plain that there is no basis for removal because this [unlawful detainer] action involves only a state law claim for relief, and there is no basis for federal question or diversity jurisdiction." Report at 4. "In determining whether to award attorneys' fees in cases involving improper removal by a pro se defendant, courts accord

2

Case No.: 12-CV-03496-LHK
ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, REMANDING, AND AWARDING SANCTIONS

significant weight to the defendant's lack of representation." *Wells Fargo Bank, N.A. v. Hunt*, No. C10-04965JCS, 2011 WL 445801 at *5 (N.D. Cal., Feb. 3, 2011). However, this Court finds that this third removal by Defendants not only lacked an objectively reasonable basis, but was also in bad faith.

Defendants first removed this unlawful detainer action on December 21, 2011. *See Lombera*, 11-CV-06390, ECF No. 1. On February 16, 2012, this Court issued an Order remanding this action to the Santa Clara County Superior Court because this Court lacked jurisdiction and thus removal was improper. *See id.*, ECF No. 13. Roughly five weeks later, on April 5, 2012, Defendants again removed this action. *See Lombera*, 12-CV-01710, ECF No. 1. On May 30, 2012, the Court again issued an Order remanding this action to the Santa Clara County Superior Court because this Court lacked jurisdiction and thus removal was improper. *See id.*, ECF No. 8. This Court's May 30, 2012 Order denied Plaintiff's motion for sanctions, but warned Defendants that "any future attempts to remove this unlawful detainer action again to federal court may result in sanctions." *Id.* This Court finds that Defendants are engaging in a bad faith attempt to evade adjudication by repeatedly and improperly removing this action to federal court. Accordingly, the Court awards monetary sanctions pursuant to § 1447(c). *See* Report at 4 (citing *U.S. Bank Nat'l Ass'n v. Mikels*, No. C12-00047, 2012 WL506565 (N.D. Cal., Feb. 15, 2012). *See also Townsend v. Sullivan*, C-08-3745-SBA, 2009 WL 112946 at *2 (N.D. Cal., Jan. 16, 2009) (finding that the plaintiff's *pro se* status was an insufficient basis for denying fees and costs under § 1447(c) where the plaintiff had removed in bad faith).

The Report recommends granting Plaintiff's motion for fees and costs only in part. *See* Report at 2. Based on a review of the hours claimed for work performed, the Report finds that Plaintiff's claim for over $7,500 in costs and fees is excessive. *Id.* at 4. Accordingly, the Report recommends awarding fees totaling "no more than $900." Plaintiff's counsel Scott M. Harris declares that he spent "well over 5 hours researching and drafting WELLS' Motion to Remand, Ex Parte Application to Shorten Time re Motion to Remand, and Declaration of Scott M. Harris in Support of Motion to Remand." ECF. No. 5, Att. 2 ¶ 12 (Harris Decl). However, as the Report

notes, "the instant [remand] motion appears to be a largely recycled version of the first two." Report at 4.  In light of the work performed and the $300 hourly rate of Plaintiff's counsel, this Court finds that $900 would fairly compensate Plaintiff for attorney fees reasonably incurred opposing this third removal.  Accordingly, this Court ORDERS Defendants to pay Plaintiff $900 in attorney's fees.

The second option proposed by Judge Lloyd is an Order "informing the Lomberas that if they ever attempt to remove this action again in the future, the court will entertain a motion by plaintiff, upon proper notice to defendants, for an order declaring them to be vexatious litigants." *Id.* at 5.  This Court finds this sanction just and proper as well.  Accordingly, this Court informs the Defendants that if they ever attempt to remove this action again, this Court will entertain a motion by Plaintiff for an order declaring Defendants to be vexatious litigants.

In sum, this Court: (1) REMANDS this action to the Santa Clara County Superior Court; (2) ORDERS Defendants to pay Plaintiff $900 in attorney's fees; and (3) INFORMS Defendants that if they ever attempt to remove this action again, this Court will entertain a motion by Plaintiff for an order declaring Defendants to be vexatious litigants.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 24, 2012

_____
LUCY H. KOH
United States District Judge